**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| **v.** | : | **DATE FILED:** |
| **MARIAN FARRIS** | : | **VIOLATIONS:**<br>**18 U.S.C. § 666(a)(1)(B) (bribery concerning federal programs – 1 count)**<br>**18 U.S.C. § 666(a)(1)(A) (theft from a local government agency receiving federal funds - 1 count)**<br>**18 U.S.C. § 2 (aiding and abetting)**<br>**Notice of forfeiture** |

**INFORMATION**

**COUNT ONE**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

**BACKGROUND**

At all times material to this information:

1. The Philadelphia Fire Department ("PFD") provided fire protection and emergency medical services ("EMS") to the City of Philadelphia, in the Eastern District of Pennsylvania. The PFD was the largest fire department in Pennsylvania, with one of the busiest EMS divisions in the country.

2. The PFD was an organization and an agency of a local government which received annual benefits in excess of $10,000 under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other forms of federal assistance.

3. Defendant MARIAN FARRIS was an agent of the PFD and a supervisor in the PFD's Payroll Unit who was responsible for, among other things, giving final approval of employee overtime hours, entering overtime hours performed by PFD employees into the PFD payroll system, and supervising other employees with similar responsibilities in the Payroll Unit. Defendant FARRIS was required to approve and enter only overtime hours that had been properly authorized by supervisory employees and documented in the PFD time and attendance system.

4. The PFD paid employees a higher hourly rate for overtime hours as opposed to regular hours, generally as much as fifty percent more than an employee's regular pay. Thus, overtime hours were a valuable benefit for PFD employees that were required to be carefully monitored and approved.

**THE BRIBERY SCHEME**

5. In or about January 2023, J.M., an employee of the Fire Department, began making payments to defendant MARIAN FARRIS for the personal benefit of defendant FARRIS. J.M. made these payments both through Cash App, a mobile payment and financial services platform, and by giving cash to defendant FARRIS. J.M. made these payments as a stream of benefits in exchange for defendant FARRIS fraudulently approving overtime hours and entering them into the payroll system for J.M. when, in fact, J.M. did not work those hours.

6. From on or about January 17, 2023, through on or about August 16, 2024, J.M. made numerous payments to defendant MARIAN FARRIS through Cash App, mostly in the amount of $500, totaling approximately $9,125. During this same time, J.M. made significant additional payments to defendant FARRIS by giving her cash.

7. In exchange for these payments, defendant MARIAN FARRIS fraudulently approved J.M.'s overtime hours, making at least 318 false entries on behalf of J.M. into the Fire Department's payroll system. These entries credited J.M. with at least 2,027.50 hours of fraudulent overtime, which J.M. did not perform, costing the PFD and the City of Philadelphia more than $139,000 in payments to J.M.

8. Defendant MARIAN FARRIS's fraudulent approvals and entries of overtime for J.M. enabled J.M. to significantly abuse the overtime system. For example, defendant FARRIS fraudulently credited J.M. on 16 occasions for working 22 to 24 hours of overtime in a 24-hour day. Similarly, on multiple occasions, defendant FARRIS falsely credited J.M. for fictional overtime hours performed while J.M. was on vacation, including while she was on a cruise to Bermuda, while she was in Cancun, and while she was in Las Vegas.

9. From in or about January 2023 through in or about October 2024, in the Eastern District of Pennsylvania and elsewhere, defendant

**MARIAN FARRIS,**

an agent of the PFD, an organization, and agency of local government, which received annual benefits in each of the years 2023 and 2024 in excess of $10,000 from federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, and other form of federal assistance, corruptly solicited, demanded, accepted, and agreed to accept things of value, intending to be influenced in connection with the business, transaction, and series of transactions of the PFD, involving something of value of $5,000 or more, namely, J.M. promised to make

payments and made payments to defendant FARRIS in exchange for defendant FARRIS approving and crediting J.M. with false overtime hours for work that J.M. did not perform.

In violation of Title 18, United States Code, Section 666(a)(1)(B), (b).

**COUNT TWO**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. Paragraphs 1 through 8 of Count One of this information are incorporated here.

2. From in or about January 2023 through in or about October 2024, in the Eastern District of Pennsylvania and elsewhere, defendant

**MARIAN FARRIS,**

an agent of the PFD, an organization, and agency of local government which received annual benefits in excess of $10,000 in each of the years 2023 and 2024 under federal programs involving a grant, contract, subsidy, loan, guarantee, insurance, and other forms of federal assistance, knowingly embezzled, stole, obtained by fraud, and otherwise without authority, knowingly converted to the use of any person other than the rightful owner, and intentionally misapplied, and aided and abetted the embezzlement, stealing, obtaining by fraud, conversion, and misapplication of property that was valued at more than $5,000 and was owned by, and under the care, custody, and control of the PFD and the City of Philadelphia.

In violation of Title 18, United States Code, Sections 666(a)(1)(A), (b) and 2.

**NOTICE OF FORFEITURE**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Section 666, set forth in this information, defendant

**MARIAN FARRIS**

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of such violations.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 981(a)(1)(C).

/FOR

**DAVID METCALF**
**UNITED STATES ATTORNEY**

*No.*_ _ _ _ _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

THE UNITED STATES OF AMERICA

vs.

MARIAN FARRIS

**18 U.S.C. § 666(a)(1)(B) (bribery concerning federal programs – 1 count)**
**18 U.S.C. § 666(a)(1)(A) (theft from a local government agency receiving federal funds - 1 count)**
**18 U.S.C. § 2 (aiding and abetting)**

A true bill.

_______________________________________________

Foreman

Filed in open court this __________________________________day,
Of _________________________A.D. 20_____________

_____________________________________________________________

Clerk

Bail, $___________________